IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**STEVEN WILLIAMSON,**

    **Plaintiff,**

v.                                                  Case No. 3:22-cv-00450

**BRAD DOUGLAS, Acting Commissioner Department of Corrections and Rehabilitations,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On October 10, 2022, Plaintiff filed a *pro se* complaint against Defendant pursuant to 42 U.S.C. § 1983. (ECF No. 2). Currently pending are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1); an initial screening of the complaint under 28 U.S.C. § 1915; and Plaintiff's motion for a temporary restraining order and preliminary injunction, (ECF No. 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the complaint, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief may be granted and, further, that Plaintiff has failed to exhaust available administrative remedies. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to

proceed *in forma pauperis*, as moot, (ECF No. 1); **DISMISS** the complaint, (ECF No. 2); **DENY** Plaintiff's pending motion for a temporary restraining order and preliminary injunction, (ECF No. 3); and **REMOVE** this matter from the docket of the Court.

I. <u>**Factual and Procedural History**</u>

Plaintiff is a West Virginia Division of Corrections and Rehabilitation ("WV DOC") inmate currently incarcerated in the Western Regional Jail ("WRJ"). On October 10, 2022, he filed a § 1983 complaint alleging that he initiated substance use disorder treatment at the WRJ on September 29, 2022, and the "consent form for treatment state[d] at least 18 months goal." (ECF No. 2 at 4). Plaintiff claims that he was advised that only four WV DOC facilities offer his particular treatment, and if he is sent to a facility that does not offer it, his treatment will stop. (*Id.* at 4-5). Plaintiff asserts that it constitutes "cruel and unusual treatment to be started treatment for a mental health disorder and not finish [the] treatment plan." (*Id.* at 5). He states that it is a "violation of [his] constitutional rights" due to deliberate indifference to serious mental health needs. (*Id.*). Plaintiff seeks an injunction compelling the WV DOC to continue his current medication for mental health treatment and continue substance use disorder treatment at the WRJ. (*Id.*). Plaintiff admits that he did not exhaust his administrative remedies prior to filing the complaint, explaining that he submitted a grievance but did not complete the procedure because it could take up to sixty days to do so, and he would suffer irreparable harm without a preliminary injunction. (*Id.* at 3).

Along with his complaint, Plaintiff filed a "Application for Temporary Restraining Order and Preliminary Injunction" and requested a hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure. (ECF No. 3 at 1). He stated that he will suffer an "immediate and irreparable injury" unless preliminary relief is granted. (*Id.*). Plaintiff

claims that "Defendant will take away [his] substance use disorder along with other mental health." (*Id.* at 2).

## II. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). A complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause

3

of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

As noted, Plaintiff filed this case pursuant to 42 U.S.C. § 1983. Section 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and markings omitted). Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law.

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

### III. Discussion

#### A. Screening of Complaint

Plaintiff's claim is purely anticipatory and speculative. He asserts that his substance use disorder treatment will cease if he is ever moved to a facility that does not offer his current treatment. Although Plaintiff provides no indication that his transfer is imminent or that his treatment is scheduled to be discontinued, he nonetheless asks the Court to intervene to ensure that he remains in the WRJ on his current treatment plan.

The Eighth Amendment to the United States Constitution imposes duties on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and the officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes,* 452 U.S. at 347).

To qualify for prospective relief concerning prison conditions under the Eighth Amendment, Plaintiff must demonstrate (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler,* 989 F.2d at 1378-79 (citation and markings omitted); *May v. Rubenstein*, No. 1:07-CV-00116, 2008 WL 170594, at *5 (N.D.W. Va. Jan. 17, 2008). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). The necessary *prima facie* showing includes both an objective component and a subjective component, meaning that a plaintiff must demonstrate (1) "a deprivation suffered or injury inflicted" that was "sufficiently serious," when measured by an objective standard, (objective component), and (2) that the responsible prison officials had a "sufficiently culpable state of mind," (subjective component). *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

As far as the injury alleged, an inmate has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *Witherspoon v. Booth*, No. CIV.A . JFM-09-1593, 2010 WL 1881761, at *2 (D. Md. May 6, 2010), *aff'd,* 396 F. App'x 910 (4th Cir. 2010). "There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart." *Id.* (citing *Bowring v. Goodwin,* 551 F.2d 44, 47 (4th Cir. 1977). A plaintiff need not show that he or she has yet suffered any harm to state a claim under the Eighth Amendment, as the Constitution also protects against a substantial risk of future harm. *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993). Courts "have plainly recognized that a remedy for unsafe conditions need not await a tragic event." *Id.* at 33. A defendant may be deliberately indifferent to an inmate's serious medical need by ignoring "a condition of confinement that is sure or very likely to

6

cause serious illness and needless suffering the next week or month or year." *Id*. As the Supreme Court of the United States ("Supreme Court") explained, "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Id*.

Still, even if the § 1983 plaintiff surpasses the first objective hurdle of the Eighth Amendment analysis, he or she must establish the subjective component to allege a cognizable constitutional violation. "Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs." *Malik v. Woods*, No. 5:14-CV-03473-RBH, 2015 WL 6900332, at *5 (D.S.C. Nov. 9, 2015), *aff'd,* 639 F. App'x 188 (4th Cir. 2016) (citing *Farmer,* 511 U.S. at 846). "An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate deliberate indifference by either actual intent or reckless disregard." *Id*. (citations and markings omitted). "In other words, a plaintiff must allege facts demonstrating that defendant's actions were so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The United States Court of Appeals for the Fourth Circuit has defined a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (citing *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir.2008)).

In this case, Plaintiff fails to assert a plausible constitutional claim because he does not state facts to satisfy either element of the Eighth Amendment test. First, Plaintiff fails to establish the objective component because he does not identify any substantial risk of future harm from not receiving the treatment at issue. He asserts that it would be cruel

7

and unusual punishment not to let him finish the 18-month treatment plan, and he will suffer "irreparable injury" without it. (ECF Nos. 2 at 5, 3 at 1). However, conclusory assertions do not suffice to state a claim for constitutional violations. Plaintiff does not identify a single injury or symptom that he will purportedly suffer if he does not receive his current substance abuse treatment.

Inmates do not have a constitutional right to substance abuse rehabilitation. *Montgomery v. Galloway*, No. CIV.A. ELH-14-3863, 2014 WL 7365285, at *2 (D. Md. Dec. 23, 2014) (collecting cases). Several courts have found that symptoms of alcohol and drug withdrawal can qualify as a serious medical need, but Plaintiff does not allege that he is suffering or will suffer from withdrawal or any specific symptoms if the medication is discontinued. *Tilson v. Humphrey*, No. 5:19-CV-00033, 2021 WL 4443816, at *5 (W.D. Va. Sept. 27, 2021) (collecting cases). Plaintiff began the treatment on September 29, 2022 and, as he remains in the WRJ, presumably continues to receive that treatment today. Accordingly, acute withdrawal symptoms are unlikely at this point.

As to the subjective component of the Eighth Amendment test, Plaintiff does not demonstrate that Defendant has been or will be deliberately indifferent to a serious medical need. A prisoner can "establish a claim of deliberate indifference by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment." *King v. United States,* 536 Fed. Appx. 358, 362 (4th Cir. 2013) (citation omitted). Plaintiff does not assert facts to support either finding. Even assuming that Plaintiff alleges a serious medical need, he does not allege that he will not receive any substance abuse or mental health treatment or that he will suffer any particular health effects if his treatment plan is changed. Prisoners do not have a right to the medical treatment of their choice. *Id*. at 363. A mere disagreement between Plaintiff and medical

8

personnel concerning the precise course of treatment does not state a viable claim that Defendant violated (or will violate) Plaintiff's constitutional rights. *Ashby v. Clear*, No. 7:19CV00715, 2019 WL 6689914, at *1 (W.D. Va. Dec. 6, 2019); *Hall v. Saathoffs*, No. 7:19CV00813, 2020 WL 1814916, at *1 (W.D. Va. Apr. 9, 2020).

In sum, Plaintiff does not assert any facts to suggest a "substantial risk to his health or safety" or that an official was or will be deliberately indifferent to his serious medical need. *See, e.g., May*, 2008 WL 170594, at *3 (finding on initial screening of § 1983 complaint that the denial of access to alcohol and drug rehabilitation programs at the regional jail did not rise to the level of an Eighth Amendment violation because, other than stating that his need was "desperate," the plaintiff presented no evidence that it presented a "substantial risk" to his health or safety, nor did he show that officials subjectively knew of the risks and disregarded them). Therefore, the undersigned **FINDS** that Plaintiff fails to state a claim for relief under § 1983, and his complaint should be dismissed.

In addition, the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle,* 534 U.S. 516, 524 (2002)

(citations and internal quotation marks omitted)).

In *Ross v. Blake,* 578 U.S. 632, 642 (2016), the Supreme Court reiterated the mandatory exhaustion requirement found in § 1997e, but pointed out that the statute contains one explicit exception; the inmate need not exhaust "unavailable" remedies. *Id.* The Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 643. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* at 643. Second, an administrative process is likewise unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* at 643-44. Finally, an inmate need not exhaust administrative remedies when prison officials thwart the inmate's access to the grievance procedure "through machination, misrepresentation, or intimidation." *Id.* at 644. "[S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.*

Administrative exhaustion is "not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner." *Hart v. Roderick,* No. CV GLR-15-2054, 2016 WL 3940219, at *3 (D. Md. July 21, 2016) (citations omitted). As such, exhaustion need not be alleged by the plaintiff in his complaint, but is instead "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.,* 407 F.3d 674, 681 (4th Cir. 2005). Although exhaustion is an affirmative defense, this "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* In the rare instance when the face of a complaint clearly demonstrates a prisoner's failure to exhaust

administrative remedies, *sua sponte* dismissal on that ground is appropriate. *Anderson*, 407 F.3d at 682 (citing *Nasim v. Warden,* 64 F.3d 951 (4th Cir. 1995)).

Here, Plaintiff confirmed on the face of the complaint that the WRJ has a grievance procedure, and Plaintiff filed a grievance. He simply failed to follow through with all steps of the procedure, because he believed it would take too long. (ECF No. 2 at 3). By failing to exhaust the available remedies, Plaintiff deprived the WRJ and the WV DOC of the opportunity to investigate the matter and perhaps resolve Plaintiff's concerns. Plaintiff's worries about future difficulties with his treatment, which might never materialize, simply do not provide an adequate reason for bypassing the WRJ's available grievance process. *See Ross*, 578 U.S. at 635 ("The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). The court below adopted an unwritten 'special circumstances' exception to that provision, permitting some prisoners to pursue litigation even when they have failed to exhaust available administrative remedies. Today, we reject that freewheeling approach to exhaustion as inconsistent with the PLRA."). In *Ross,* the Supreme Court reiterated that exhaustion is mandatory and "is no longer left to the discretion of the district court." *Id.* at 641 (quoting *Woodford v. Ngo,* 548 U.S. 81, 85 (2006)). Plaintiff alleges no facts to suggest that the WRJ's grievance procedure was not available to him. Consequently, he was required to comply with all steps of that procedure before proceeding to federal court.

Because this is one of the rare cases in which the failure to exhaust administrative remedies is clear on the face of the complaint, the Court may *sua sponte* dismiss the action on that ground. Accordingly, the undersigned **FINDS** that Plaintiff failed to exhaust available administrative remedies as required by the PLRA, and the complaint should be

dismissed for a lack of exhaustion.

### B. Motion for Temporary Restraining Order and Preliminary Injunction

The undersigned next considers Plaintiff's "Application for Temporary Restraining Order and Preliminary Injunction." (ECF No. 3). As stated in his complaint, Plaintiff requests a temporary restraining order or preliminary injunction to ensure that he continues to receive his current mental health and substance use disorder treatment at the WRJ. (ECF No. 2 at 5). "The purpose of a temporary restraining order (TRO) or a preliminary injunction is to 'protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits.'" *J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 375–76 (D. Md. 2019) (citation omitted).

The standard for granting a TRO or a preliminary injunction is the same. *Moore v. Kempthorne*, 464 F. Supp.2d 519, 525 (E.D. Va. 2006) (citation omitted). Both are extraordinary remedies that are awarded sparingly and only upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO or preliminary injunction, the plaintiff must establish **all** four of the following elements: (1) that he or she is likely to succeed on the merits, (2) that he or she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his or her favor, and (4) that a preliminary injunction or TRO is in the public interest. *Id.* at 20. In considering a request for such relief, the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the preliminary injunction or TRO were to be denied; in other words, the harm at issue must be "neither remote nor speculative, but actual and imminent" in the absence of

relief. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). If plaintiff makes such a showing, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the preliminary remedy were issued. *Scotts v. United Industries Corp.*, 315 F.3d 264, 271 (4th Cir. 2002). "In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances." *Kelly v. Hill*, No. ELH-20-2531, 2021 WL 3055615, at *17 (D. Md. July 19, 2021) (citing *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)).

In this case, the Court must look no further than the first two elements of the four-part test. For the reasons discussed above, Plaintiff does not demonstrate, much less make a "clear showing," that he is likely to succeed on the merits in this § 1983 action. Furthermore, although Plaintiff contends that he will suffer "irreparable harm" in the absence of preliminary relief, he does not assert any facts to identify the supposed harm that he will suffer. Indeed, his entire claim of future harm rests upon a vague possibility that he will be transferred, and that the transfer will be to a facility which does not offer his current treatment. Moreover, because Plaintiff filed this lawsuit before he exhausted his administrative remedies, he has not even fully explored with the WV DOC whether it would be willing to keep him housed in the WRJ until his treatment course is concluded. Plaintiff does not provide any factual basis to transform his claim from mere speculation to a reasonably plausible claim that he will be transferred and his medication will be discontinued—much less that he will be injured should such an event occur. Plaintiff's blanket assertion that he will suffer "irreparable harm" is insufficient to provoke an extraordinary preliminary remedy. On that basis, the undersigned **FINDS** that the motion for a TRO and preliminary injunction should be **DENIED**.

## IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the foregoing findings be confirmed and adopted and **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis*, as moot (ECF No. 1); **DISMISS** the complaint, (ECF No. 2); deny Plaintiff's motion for a preliminary injunction and restraining order, (ECF No. 3); and **REMOVE** this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

15

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:**  December 1, 2022

Cheryl A. Eifert
United States Magistrate Judge